———o-o-o———

## Curtis Emerson vs. Samuel L. Atwater and Others.

On an appeal to the Supreme Court from a decree in Chancery, the officer who fixes the penalty of the appeal-bond does not acquire exclusive jurisdiction to subsequently approve the sureties, but they may be approved by any officer empowered by the law to act in the premises.

It is no objection to the proceedings on appeal in Chancery that the appeal-bond recites an intention to take an appeal, and that a claim of appeal is not filed until the approval and filing of the bond.

*Heard May 4th. Decided May 5th.*

Appeal from Saginaw Circuit, in Chancery.

*M. Wisner* and *C. I. Walker* moved to dismiss the appeal in this cause.

EMERSON vs. ATWATER.

It appears, from the record, that the decree of the Court below was made by Hon. Josiah Turner, November 20th, 1857; that, on the next day, Judge Turner made an order, reciting, that defendants being desirous of appealing from such decree, it was ordered that they give bond to complainant, on such appeal, in the sum of $35,000; that, on the second day of December, 1857, defendants gave bond in the sum so fixed, reciting therein that they "intend to enter and claim an appeal," which bond was approved by Judge Witherell of the Third Circuit; that, on the fourth day of December, 1857, defendants obtained from the Circuit Court Commissioner of Saginaw County another order, fixing the penalty of appeal-bond at $35,000, and approving of the bond already approved by Judge Witherell; and that, on the same day last mentioned, this bond, with claim of appeal attached, was filed with the Register of the Court below.

In support of the motion were cited *Comp. Laws*, §§ 3597, 3598; 2 *Mich.* 203; *Walk. Ch. R.* 77. And it was claimed, 1st, That, under the statute, the same officer is to fix the penalty of the bond, and approve the sureties therein; 2d, That the first officer applied to, and acting by fixing the penalty, has alone jurisdiction subsequently to approve the bond; 3d, That the claim of appeal should precede the giving of the bond, and that the bond, to be valid, must be based upon an actual appeal, and not an appeal only contemplated.

*Wm. Gray* and *S. T. Douglass*, contra.

By the COURT:

The statute gives the party forty days in which to claim an appeal and give bond; and if the necessary steps are taken at any time within the forty days, it is immaterial in what order they are taken. If the filing of any written claim of appeal is necessary — and we think it is not — it is as well filed after the giving of the bond, if within the forty days, as before.

To say that the statute permits only the officer who first fixed the penalty of the bond to act subsequently in approving the sureties, would be to put upon it a construction which we think its wording does not require, and which, in cases of subsequent disability or vacancy in the office, would amount to a denial of justice. The sureties are to be approved by " the Commissioner, or a Justice of the Supreme Court," and the bond is to be in such sum as " the Commissioner or such Justice shall direct." Here is clearly one Commissioner designated, — the Commissioner of the county; but the approval of the sureties is to be by him or *a Justice* of the Supreme Court, and the bond to be in such sum as he or *such* Justice — that is, a Justice of the Supreme Court — shall direct. The word *such* here, does not designate a particular officer, but the official character which the individual must possess who is to discharge the duty.

But, clearly, if all the previous proceedings had been irregular and void, there could be no objection to the order made by the Circuit Court Commissioner, fixing the penalty, and approving the bond. A void proceeding could not prevent steps *de novo*, if taken in season.

*Motion denied.*

CAMPBELL J. did not sit in this case, having been of counsel for one of the parties.